IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NELSON DE LA CRUZ MORALES<br><br>    Plaintiff<br><br>    v.<br><br>PUERTO RICO PORTS AUTHORITY (PRPA);HECTOR ONEILL VAZQUEZ<br><br>    Defendant | CIVIL NO.:<br><br>Civil Rights Violations, Political Patronage Discrimination, 42 U.S.C. § 1983,<br>(JURY TRIAL REQUESTED) |

COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, Nelson de la Cruz, hereinafter "Plaintiff" through the undersigned counsel, and very respectfully STATES, ALLEGES and PRAYS:

**I. JURISDICTION AND VENUE**

1. This is an action for compensatory (including, without limitation, reasonable attorney's fees and costs) and punitive damages, injunctive and equitable relief arising under the First, Fifth and/or Fourteenth amendments to the Constitution of the United States of America and 42 U.S.C. 1983 and 1988, as well as under Law 100 of 1959, as amended, 29 L.P.R.A. § 146 et seq; articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 5141 and 5142 and the Constitution

of Puerto Rico as a result of the violation of Plaintiff's freedom of association, and for the mental anguish and emotional damages caused to Plaintiff by the Defendant.

2. This Court has jurisdiction to entertain these claims pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343 and 42 U.S.C. 1983.

3. This Court has supplemental jurisdiction over the causes of action asserted under the Constitution and Laws of Puerto Rico under 28 U.S.C. §1367 because they form a part of the same case or controversy under Article III of the Constitution of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391.

## II. PRELIMINARY STATEMENT

5. Plaintiff files this action because he was terminated from his employment with Defendant due to his political party registration and affiliation. Plaintiff's constitutional claims under the First, Fifth and Fourteenth Amendments are premised on Plaintiff's exercise of his rights of freedom of speech, expression, association, and belief. Plaintiff's Fourteenth Amendment claims are also premised on the equal protection clause, in that Plaintiff, as a registered member of the Popular Democratic Party, was terminated from his employment solely because said affiliation.

6. The causes of action of this Complaint under the Federal Civil Rights Act, the laws of the Commonwealth of Puerto Rico, the Constitutions of the United States and the Commonwealth of Puerto Rico, all arise from a common nucleus of operative facts. All actions of Defendant in through its officers and/or employees have been taken under the color of state law.

7. Under 42 U.S.C. § 1988 and Sullivan v. Little Hunting Park, Inc., 396 U.S. 229 (1969) the Court should extend the protection afforded by the Commonwealth of Puerto Rico to its employees, for said policy is in furtherance of the public policy established by Congress for persons who have been deprived of civil rights and who have prosecuted their actions under 42 U.S.C. § 1983.

8. Law Number 100 of 1959, as amended, 29 L.P.R.A. § 146 et seq., makes it illegal for any employer to fire, demote or in any form discriminate against any person, because of that

person's political affiliation. Said statute directs the Court to award a sum equal to double the compensation due Plaintiff as an award for damages. At 29 L.P.R.A. § 137, Puerto Rico law establishes the presumption that the demotion, dismissal and persecution is motivated by Plaintiff political affiliation if it is done without just cause. Also Law. No. 115 of December 20, 1991 make it illegal to retaliate against an employee that files a complaint.

9. The facts hereinafter alleged in this complaint constitute violations of Plaintiff's protected rights under and Article II, §§ 1, 4, 6, 7 of the Constitution of the Commonwealth of Puerto Rico.

### III. THE PARTIES

#### A. PLAINTIFF

10. Nelson de la Cruz Morales (hereinafter, "plaintiff") is a resident of Puerto Rico.

11. Plaintiff started his career in the Puerto Rico Ports Authority ("PRPA") on September 2008 until he was terminated on February 13, 2019 due to his political affiliation. At the time of his termination plaintiff General Service Manager ("Jefe de Servicios Generales").

12. Plaintiff is a well-known member and open supporter of the Popular Democratic Party of the Commonwealth of Puerto Rico ("PDP"). Defendant, which from 2016 to the present is controlled by the governing party New Progressive Party ("NPP"), had personal knowledge, that Plaintiff is a PDP member.

#### B. DEFENDANTS

13. The Puerto Rico Ports Authority (Autoridad de Puertos de Puerto Rico) (PRPA) is a public corporation created by law in charge of developing, improve, own, operate and manage any and all types of transportation facilities and air and maritime services. Its organic statute is codified as Law no. 125, May 7, 1942, as amended, 23 L.P.R.A. § 331, et seq. The Puerto Rico Ports Authority (PRPA) generates its own funds and operates financially independently from the Commonwealth of Puerto Rico. For this reason, the Eleventh Amendment of the United States Constitution does not immunize the PRPA from legal action in this Court, or from responding for

monetary and punitive damages to the Plaintiff. The PRPA is sued for damages for the violation of plaintiff's constitutional and statutory rights.

14. Defendant Hector Oneill Vazquez (hereinafter, "Oneill") is resident of Guaynabo, Puerto Rico and is a recognized member of NPP and son of the former Mayor of Guaynabo, which also was a member of the NPP. He was appointed Special Assistant of the Executive Director of PRPA on August, 2018 and he was the one who promoted the harassment, discrimination, and eventual unconstitutional and illegal termination of plaintiff. He is being sued in his official and personal capacity for damages. At all times pertinent to this Complaint, Defendant Oneill acted as Special Assistant of the Executive Director of PRPA.

### IV. FACTS RELEVANT TO ALL CAUSES OF ACTION

15. On 2016 the NPP administration officially assumed the helm of government and at PRPA several Executive Directors have been appointed. At the moment where all unconstitutional and illegal against plaintiff occurred the Executive Director was Anthony O. Maceira, Esq.

16. As a consequence of the new changes in the PRPA administration Falcón experienced the brunt of a series of discriminatory acts . - Incidents related with her job tasks and discriminatory treatment.

17. At all moments relevant to this case, plaintiff was a career employee of the PRPA in the position of General Service Manager ("Jefe de Servicios Generales"), for which he performed

his duties admirably and was recognized and respected in the public corporation for his compromise and hard work.

18. The pretext for plaintiff termination started on April 2018 when the Human Resources Office of the PRPA, through Mrs. Damarys Rivera Valle, indicated to plaintiff that he had to appear in a training.

19. However, plaintiff direct supervisor at that moment, Mrs. Marines Ortiz, told him that he could not attend the training because he was ordered to do urgent work related to a activity in which the first lady was going to participate.

20. Therefore, plaintiff had conflicting instructions and he chose to obey his direct supervisor, specially since it was related to a first lady activity and he understood that was a priority over everything else.

21. The defendant during the summer time never said anything to plaintiff regarding the training and whether he was in violation of any PRPA regulation. The defendant never instructed plaintiff again to attend said training. For all purpose, plaintiff never knew that he was in problems because he decided to obey his direct supervisor and don't attend the training.

22. All this changed, when in August 2018, when Oneill was named special assistant of the Executive Director even though the public corporation did not comply with the process to make that appointment and the fact he did not comply with the minimum requirements to be at the

position. Furthermore, at that moment Oneill was assigned as direct supervisor of plaintiff. All this was part of a scheme of defendant to strip away plaintiff of his duties.

23. As soon as Oneill was appointed to his position, he started the harassment against plaintiff and striping away his duties. As we already stated, Oneill is a recognized member of the NPP and knew that plaintiff was a recognized member of the other party.

24. On October 9, 2020 plaintiff submitted a letter to Executive Director of the PRPA in which he raised all the issues about Oneill's appointment and the striping away of his duties.

25. The defendant's response to plaintiff's letter was that December 7, 2018 in an act of retaliation notified him that he was been suspended summarily with the intention of termination. The reason given for that action was that plaintiff did not attend the training already mentioned before. Certainly that was a pretext from the defendant because the real reason was plaintiff's political affiliation and the fact that they wanted to favor Oneill, a NPP affiliate, to take over his position.

26. After going through the informal hearing process, the defendant notified plaintiff on February 13, 2019 that he was been terminated of his employment. This termination was due to

plaintiff's political affiliation and in retaliation of raising the issues with Oneill's appointment. After plaintiff was terminated, Oneill assumed his duties in the public corporation.

27. At all pertinent times, the Defendants were fully aware that the Plaintiff was a well-known member and open supporter of the PDP.

28. Plaintiff was unduly stripped of his tasks and was terminated due to his political affiliation.

29. Throughout his employment tenure, Plaintiff performed his job duties competently and satisfactorily. Plaintiff was never given any warnings by his supervisors or by any of the Defendants stating that he failed to attend the training.

30. As a direct and proximate result of Defendants' conduct, Plaintiff has been, and is presently suffering and/or will suffer serious mental and emotional distress, anxiety, ridicule, humiliation, indignity, loss of self-esteem, embarrassment, loss of civil and constitutional rights.

31. Plaintiff filed a complaint in the Anti Discrimination Unit on December 12, 2018 in the case No. uadau18-426a and on February 14, 2020 was given his right to sue letter.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION (Political Discrimination)

32. Plaintiff repeats and realleges each and every preceding allegations as if fully set herein.

33. Plaintiff was a permanent employee of PRPA and the terms and conditions of his employment cannot be negatively affected because of his affiliation to the PDP as guaranteed by the First amendment to the Constitution of the United States, as well as by the Constitution of the Commonwealth of Puerto Rico.

34. Defendants' conduct constitutes a callous or reckless disregard for the First Amendment rights of Plaintiff to freely associate to the political party of her preference and for

not being discriminated for choosing a different party than that of the present administration and of Defendants.

35. Defendants' conduct is also contrary to the Constitution of the Commonwealth of Puerto Rico and Law 100 of 1959, as amended, 29 L.P.R.A. § 146 et seq.

36. 42 U.S.C. 1983 and 1988 make Defendants liable to Plaintiff for their conduct.. As a result of the violation of his rights by the Defendants, Plaintiff has suffered severe and substantial emotional damages, pain and suffering for which Defendants are jointly and severally liable.

37. Plaintiff's damages are estimated in an amount not less than $1,000,000.00 for which damages the Defendants are jointly and severally liable.

38. The Defendants' conduct is so blatantly in disregard of Plaintiff's constitutional rights that punitive damages are in order.

**SECOND AND THIRD CAUSE OF ACTION Law No. 100 and No. 115**

39. Plaintiff incorporates as if realleged every preceding paragraphs as if fully set herein.

40. Defendants willfully and knowingly violated Law No. 100 of June 30, 1959, as amended, 29 LPRA §146-151, as well as the Constitution of the Commonwealth of Puerto Rico.

41. Defendant's conduct and discriminatory practices constitutes a callous or reckless disregard for Law No. 100 rights to freely associate to the political party of their preference and not to be discriminated for choosing a different party than that of the present administration. Defendants conduct is also contrary to the constitution of the Commonwealth of Puerto Rico.

42. Defendants took adverse action against Plaintiff by terminating him and treated him differently than it treated other non P.D.P. affiliates employees who had similar ability or inability to work.

43. Plaintiff has a sincere and reasonable belief that he is challenging conducts that violated this statute.. There are no legitimate nondiscriminatory reasons for Defendant's violations and

adverse employment actions against Plaintiff. Such actions by Defendants caused great physical suffering, as well as deep emotional distress on Plaintiff.

44. As a result of the violations of his rights by the Defendants, Plaintiff has suffered severe and substantial economic and emotional damages, pain and suffering for which defendants are jointly and severally liable.

45. Plaintiff's' damages are estimated in an amount not less than $1,000,000.00 for which damages the Defendants are jointly and severally liable -and the same amount as the penalty mandated by Law No. 100. Law No. 115

46. Plaintiff incorporates as if realleged every preceding paragraphs as if fully set herein.

47. Defendants willfully and knowingly violated Law No. 115 of December 20, 1991, as amended, 29 LPRA §146-151, as well as Articles II §1, 8 and 16 of the Constitution of the Commonwealth of Puerto Rico.

48. Defendant's conduct and retaliation practices constitutes a callous or reckless disregard for Law No. 115 rights to Plaintiff not to be retaliated. Defendants' conduct is also contrary to the Constitution of the Commonwealth of Puerto Rico.

49. There are no legitimate nondiscriminatory reasons for Defendant's violations and adverse employment actions against Plaintiff. Such actions by Defendants caused great physical suffering, as well as deep emotional distress on Plaintiff.

50. As a result of the violations of her rights by the Defendants, Plaintiff has suffered severe and substantial economic and emotional damages, pain and suffering for which defendants are jointly and severally liable.

51. Plaintiff 's damages are estimated in an amount not less than $1,000,000.00 for which damages the Defendants are jointly and severally liable- and the same amount as the penalty mandated by Law No. 115.

## REMEDIES REQUESTED

**WHEREFORE**, plaintiff very respectfully requests from this Honorable Court that judgment be issued as follows:

A. That the acts and omissions incurred by defendants have violated plaintiff' civil rights, thereby triggering Plaintiff's entitlement to a suitable compensation.

C. That actual and compensatory damages be awarded, as a result of the illegal actions and omissions committed by the defendant, in an amount of no less than One Million Dollars ($1,000,000.00)

D. Because of Defendant willful conduct and in total disregard of the applicable statutes and plaintiff's rights, he requests that punitive damages be awarded, as a result of the illegal actions and omissions committed by the defendant.

E. That the costs of this action, together with reasonable attorney fees, be granted to plaintiff, as provided by applicable law.

F. That any other relief that this Honorable Court deems just and proper be awarded.

**A JURY TRIAL IS HEREBY RESPECTFULLY REQUESTED.**

**WHEREFORE**, it is respectfully requested that judgment be entered against Defendant accordingly.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico on December 4th, 2020.

**I HEREBY CERTIFY** that on December 4th, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

s/ Jorge L. Marchand Heredia
**JORGE L. MARCHAND HEREDIA**
 LAW OFFICE
Attorney Bar Number:  223712

Attorney for Plaintiff
PO BOX 364273
SAN JUAN, PR 00936-4273
Tel. (787)428-3533
Fax. (787)524-1208
E-mail: jorgeluismarchand@gmail.com