**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| NELSON DE LA CRUZ MORALES<br><br>**Plaintiff**<br><br>v.<br><br>PUERTO RICO PORTS AUTHORITY; HÉCTOR O'NEILL-VÁZQUEZ<br><br>**Defendants** | **CIVIL NO.** 20-1689 (RAM) |

<u>**OPINION AND ORDER**</u>[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

    Pending before the Court is co-defendant Puerto Rico Ports Authority's (the "PRPA") *Motion to Dismiss* and co-defendant Héctor O'Neill-Vázquez's ("O'Neill-Vázquez") *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6).* (Docket Nos. 11 and 13, respectively). After reviewing the parties' submissions in support and opposition, the Court **GRANTS** co-defendants' respective *Motions to Dismiss.*

## I.    FACTUAL AND PROCEDURAL BACKGROUND

    On December 4, 2020, Plaintiff Nelson De La Cruz Morales ("Plaintiff") filed a *Complaint* against his previous employer the PRPA and O'Neill-Vázquez, the Special Assistant to the Executive Director of the PRPA (collectively, "Defendants"). (Docket No. 1).

---

[1] Cristina Vázquez-Ramírez, a second-year student at the Inter American University School of Law, assisted in the preparation of this Opinion and Order.

He asserts claims under the First, Fifth and/or Fourteenth Amendments to the Constitution of the United States of America, enforceable under 42 U.S.C. §§ 1983 and 1988, as well as claims pursuant to the Constitution of the Commonwealth of Puerto Rico, Puerto Rico Act No. 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29 §§ 146-151 ("Act 100"), and Puerto Rico Act No. 115 of December 20, 1991, as amended, P.R. Laws Ann. tit. 29 §§ 146-151 ("Act 115"). Specifically, Plaintiff claims he was terminated from his employment at the PRPA due to his political affiliation. Id. Plaintiff's *Complaint* fleetingly invokes the First, Fifth, and/or Fourteenth Amendments, and the Commonwealth's Constitution. However, the Complaint only contains allegations that Defendants violated his First Amendment rights to freely associate to the political party of his preference and that the PRPA discriminated against him due to his political affiliation. (Docket No. 1 at 1-2 and 7-8).

### A. The PRPA's Motion to Dismiss

On March 3, 2021, co-defendant the PRPA filed a *Motion to Dismiss*. (Docket No. 11). The PRPA argues that Plaintiff's § 1983 claims are time barred. Id. at 6-8. Pursuant to Puerto Rico law, § 1983 claims are subject to a one-year statute of limitations. Id. To this extent, Defendant states that Plaintiff's termination from the PRPA took place on February 13, 2019, but he filed his *Complaint* on December 4, 2020, that is, one year and ten months

after his dismissal. Id. at 2 and 8. Moreover, the PRPA maintains
that the Puerto Rico Anti-Discrimination ("ADU") complaint filed
by Plaintiff before his termination did not toll his subsequent §
1983 claim. Id. at 8. Lastly, it argues the Court should dismiss
the state law claims if it dismisses the federal claim. Id. at 23-
24.

On April 9, 2021, Plaintiff opposed the PRPA's *Motion to
Dismiss*. (Docket No. 24). He contends the § 1983 claim is not time
barred because his complaint before the ADU tolled the statute of
limitations. Id. at 2-4. He argues that because an ADU complaint
tolls the statute of limitations for claims brought under Act 100,
it also tolls claims brought under § 1983. Id.

On April 21, 2021, the PRPA countered Plaintiff's opposition
stating that Plaintiff had failed to set forth a valid tolling
event for his § 1983 claim. (Docket No. 31 at 3). Instead, the
PRPA avers that this District Court has consistently held that an
EEOC and ADU complaint does not toll § 1983 causes of action
because neither agency has jurisdiction over a § 1983 claim. Id.
at 3-5.

### B. O'Neill-Vázquez's Motion to Dismiss

On March 3, 2021, co-defendant O'Neill-Vázquez filed his own
Motion *to Dismiss*. (Docket No. 13). Echoing the PRPA's contentions,
O'Neill-Vázquez argues that Plaintiff's § 1983 claims are time
barred. Id. at 4-5. Likewise, he maintains that the ADU complaint

filed by Plaintiff on December 5, 2018 before his termination did not toll his § 1983 claim. Id. at 4-5.[2]

On April 9, 2021, Plaintiff opposed co-defendant Héctor O'Neill-Vázquez's motion. (Docket No. 26). Just as in his opposition to the PRPA's motion, Plaintiff restates that the § 1983 claim is not time barred because his complaint before the ADU tolled the statute of limitations. Id. at 2-4.

## II.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) authorizes a complaint's dismissal for "failure to state a claim upon which relief can be granted." To survive this motion, a complaint must contain sufficient factual matter stating a claim for relief is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must find if all alleged facts, when viewed in favor of plaintiff, make plausible plaintiff's entitlement to relief. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). Hence, dismissal is proper only when these facts "taken as true, do not warrant recovery[.]" Martell-Rodríguez v. Rolón Suarez, 2020 WL 5525969, at *2 (D.P.R. 2020) (quotation omitted). Furthermore, non-conclusory allegations are deemed true. Id. (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Prieto-

---

[2] The *Complaint* and Defendants' individual *Motions to Dismiss* inadvertently state that the ADU complaint was filed on December 12, 2020. However, the ADU complaint states that it was filed on December 5, 2018. (Docket 18-1 at 2).

Rivera v. American Airlines, Inc, 2021 WL 3371014, at *2 (D.P.R. 2020) (quotation omitted). Courts may also consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,'(b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005)).

When assessing a *Motion to Dismiss*, courts must typically "not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Los Flamboyanes Apartments, Limited Dividend Partnership v. Triple-S Propiedad, Inc., 2020 WL 8881572 at *2 (quoting Triangle Cayman Asset Co. 2 v. Prop. Rental & Inv., 278 F. Supp. 3d 508, 518 (D.P.R. 2017)). However, the United States Court of Appeals for the First Circuit ("First Circuit") has held that "[w]hen the complaint relies upon a document, whose authenticity is not challenged, such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Mark Iaria v. Today's Television, Inc., 2019 WL 1423691, at *4 (D.P.R. 2019) (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)). There is no doubt that the *Complaint* relies on the ADU complaint, a copy of which the

PRPA attaches as an exhibit to its *Motion to Dismiss*. (Docket Nos. 11-1, certified translation at 18-1). Moreover, neither party has questioned the ADU complaint's authenticity. Hence, the ADU complaint "merges into the pleadings" and may be considered by this Court when analyzing the merits of the *Motion to Dismiss*.

### III. DISCUSSION

#### A. 42 U.S.C. § 1983 statute of limitations

Following precedent set by the United States Supreme Court, this District Court has repeatedly held that while 42 U.S.C. § 1983 does not supply a statute of limitations, claims pursuant to this section should adopt the statute of limitations set by states for personal injury claims. *See* Hernández-Méndez v. Rivera, 137 F. Supp. 3d 142, 155 (D.P.R. 2015); Santiago-Ortiz v. Public Broadcasting Service, 2013 WL 6283461, at *1 (D.P.R. 2013). Accordingly, in Puerto Rico, where the alleged injury in the case at bar took place, the statute of limitations for personal-injury actions is one year. *See* P.R. Laws Ann. Tit. 31 § 5298(2). However, courts use federal law when deciding when the statute of limitations for § 1983 actions begin to run. *See* Martínez-Rivera v. Commonwealth of Puerto Rico, 812 F. 3d. 69, 74 (1st Cir. 2016). Thus, the First Circuit has held that the time begins to run when the person knows or had reason to know of the injury leading to the claims at issue. Id. In cases involving political discrimination claims, such as here, the statute of limitations

begins to run when the employee learns of the decision to terminate their employment, **even if they are unaware of a political animus behind said termination**. Id.; *see also* Hernández-Méndez, 137 F. Supp. 3d, at 155 (citing Benitez-Pons v. Com. Of Puerto Rico, 136 F. 3d 54, 59 (1st Cir. 1998)).

In the present case, Plaintiff learned of his employment termination on **February 13, 2019**. (Docket No. 1 at 6). Thus, this is the date on which the statute of limitations clock began to run. Accordingly, Plaintiff's § 1983 claim should have been filed **no later than February 13, 2020**. (Docket No. 11 at 8). However, the claim was filed on **December 4, 2020,** that is a year and ten months after Plaintiff's dismissal date. Id.

## B. Tolling of 42 U.S.C. § 1983 statute of limitations

Federal courts also borrow the state's tolling rules. To determine whether an administrative claim tolls a § 1983 claim, the Court looks towards the tolling rules set forth in state law, unless "they are hostile to federal interests." Martínez-Rivera, 812 F. 3d. at 74-75. In Puerto Rico, the filling of an extrajudicial claim *can* toll the statute of limitations of a tort action. *See* P.R. Laws. Ann. tit. 31 § 5303. However, the Puerto Rico Supreme Court has long established that the filing of an administrative complaint **does not toll the statute of limitations when the administrative agency in question lacks jurisdiction over the matter**. Id. at 75 (citing Cintrón v. E.L.A., 127 D.P.R. 582,

594 (1990)); Torres v. Junta de Gobierno de Servicio de Emergencia, 91 F. Supp. 3d 243, 251 (D.P.R. 2015). As a result, and since the seminal case of León-Nogueras v. University of Puerto Rico, the District of Puerto Rico has upheld that a plaintiff's charge before the ADU (or the EEOC, for that matter) **does not toll** the statute of limitations for a § 1983 claim for an alleged violation of constitutional rights such as the ones raised in this case **because the ADU does not have jurisdiction over such claims.** *See* León-Nogueras v. University of Puerto Rico, 964 F. Supp. 585, 589 (D.P.R. 1997).

In the case at bar, it is undisputed that Plaintiff filed an ADU complaint on **December 5, 2018**. (Docket No. 31 at 1). Unlike other extrajudicial claims, an ADU complaint does not toll the statute of limitations for a § 1983 claim. Consequently, the Court **GRANTS** both of co-defendants' individual motions to dismiss because Plaintiff's § 1983 claim is time-barred. The Court need not address any alternative arguments for dismissal proffered by Defendants in their respective *Motions to Dismiss*. (Docket Nos. 11 and 13). Furthermore, any claims under the remaining Amendments or the Commonwealth's Constitution are hereby waived for lack of developed argumentation. *See* L. CV. R. 7(a).

**C. Supplemental state-law claims**

In addition to his § 1983 claim, Plaintiff brings forth several state-law claims. (Docket No. 1 at 1 and 7-9).

Specifically, he alleges employment discrimination based on political affiliation under Act 100 and Act 115. Id. at 8-9. First Circuit case law is clear that if federal claims are properly dismissed, a District Court is well within its discretion to decline to exercise supplemental jurisdiction over pending state-law claims. *See* Massó- Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469-70 (1st Cir. 2017); Rivera-Diaz v. Humana Ins. Of Puerto Rico Inc., 748 F.3d 387, 392 (1st Cir. 2014). Given that Plaintiff's federal claim against Defendants has been dismissed and no other grounds for jurisdiction exist, all supplemental claims under Act 100 and Act 115 are hereby dismissed.

## IV.  CONCLUSION

In light of the above, Defendants' *Motions to Dismiss* at Docket Nos. 11 and 13 are **GRANTED.** Plaintiff's claim pursuant to § 1983 is hereby **DISMISSED WITH PREJUDICE**, whereas his claims pursuant to Act 100 and Act 115 are **DISMISSED WITHOUT PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of November 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge